# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| AMY RUFF, Individually and as Natural Parent of BRAYLEY RUFF, a Minor,<br><br>　Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>　Defendant. | CIVIL ACTION FILE<br><br>No. 2:22-CV-64-SCJ |

## ORDER

This matter appears before the Court on a discovery dispute between the Parties. Doc. Nos. [55]–[56].[1] Both Parties filed briefs with the Court summarizing their positions on the disputes, and the Court enters the following Order.

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

I.   **BACKGROUND**

   A.   **Procedural Posture**

On May 3, 2023, the Court entered an Order extending the discovery period by 90 days. Doc. No. [44]. Under the new discovery deadline, the Parties are to complete discovery by August 1, 2023. On July 10, 2023, Plaintiff's counsel informed the Court of a discovery dispute between the Parties. The Court then Ordered to Parties to attend a hearing on July 21, 2023, to discuss their discovery disputes. See Dkt. Counsel for Ford then informed the Court that it could not attend a hearing on July 21, 2023, due to commitments in other cases and travel time. The Court then attempted to reschedule the hearing for the following week, but Plaintiff's counsel informed the Court that he could not attend a hearing on July 24, 2023, due to out-of-town travel and pre-planned medical commitments.[2]

---

[2] The Court notes that no notices of leaves of absence are filed on the Docket. See Dkt. Pursuant to Local Rule 83.1(E)(4) "All leaves of absence require the Court's approval . . . Lead counsel must file the motion in each individual case in which leave is requested, set forth the dates of the required absence and the reasons for the absence, and include a proposed order . . . A leave of absence does not extend previously scheduled filing deadlines or other deadlines imposed by the Court." L.R. NDGa. 83.1(e)(4). No Party is currently in compliance with the Court's rules. And, in future, if either Party has a scheduling conflict, they are required to inform the Court by filing a Leave of Absence on the Docket. The Court will not honor or consider any future scheduling conflicts that do not appear on the Docket.

2

In response, the Court canceled the hearing and ordered the Parties to file a briefing on their discovery disputes. See Dkt.

### B. Parties' Arguments

First, Plaintiff requests that the Court strike Defendant's general objections to her discovery requests because they violate Fed. R. Civ. P. 35(b)(2)(C) and Section III(E) of the Court's Instructions. Doc. No. [56], 3. Second, Plaintiff lists various discovery violations as it relates to Interrogatory numbers 4, 5, 6, and 7. Id. at 4–7. Finally, Plaintiff argues that Defendants have not cooperated with scheduling depositions with various fact witnesses.

Defendant responded arguing: (1) that its objections were specific to the request; (2) that it has already provided all documents and sufficiently responded to all interrogatories; (3) it notified Plaintiff that a deponent would not attend an improperly noticed deposition; and (4) the Parties are continuing to meet and confer about deposition dates. Doc. No. [55].

## II. Discussion

### A. Ford's General Objections

The Court grants, in part, and denies, in part, Plaintiff's request to strike the general objections to Plaintiff's discovery requests. Section III(E) of the Court's Instructions provides:

> A party shall not include in its response to a discovery request a "Preamble" or a "General Objections" section stating that the party objects to the discovery request "to the extent that" it violates some general discovery rule, e.g., the attorney-client privilege, the work product doctrine, or the prohibition against discovery requests that are vague, ambiguous, overly broad, or unduly burdensome. Instead, each individual discovery request must be met with specific objections which apply to each request. Any general objections shall be disregarded by the Court.

Doc. No. [5], 6.

The following objections are stricken from Defendant's Responses because they violate the Court's instructions.

> Ford objects to Plaintiffs' statement that these Interrogatories are addressed to the knowledge of Ford's attorneys, investigators, agents, employees, officers, and other representatives, as it is overly broad, unduly burdensome, and seeks irrelevant information, including because it includes entities other than Ford. Ford will respond to these Interrogatories as required by the Federal Rules of Civil Procedure. Further, because it

4

>includes attorneys and investigators, it includes information that is protected from disclosure by the attorney-client privilege, work product doctrine, and/or consulting expert privilege.

Doc. No. [55-2], at 3.

>Ford objects to Plaintiffs' statement that these Requests seek documents in the possession of Ford's present/former employees, agents, or representatives, including attorneys, as it is overly broad, unduly burdensome, and seeks irrelevant information, including because it includes entities other than Ford. Ford will respond to these Requests as required by the Federal Rules of Civil Procedure. Further, because it includes attorneys, it includes information that is protected from disclosure by the attorney-client privilege, work product doctrine, and/or consulting expert privilege.

Doc. No. [56-1], 3. The Court finds that the two paragraphs listed above constitute objections to the requests "'to the extent that' it violates some general discovery rule, e.g., the attorney-client privilege, the work product doctrine . . . vague, ambiguous, overly broad, or unduly-burdensome." Doc. No. [5], 6. As such, the two paragraphs violate the Court's Instructions and are stricken.

The Court finds that the remainder of the "general objection" sections relates to specific requests, definitions, or instructions provided by Plaintiff. The Court finds that those objections, while potentially applicable to all discovery

5

requests, are specific objections to are not the boilerplate objections that the Court's Instructions contemplate. Accordingly, the Court will not strike the remainder of Defendant's "general objections."

### B. Interrogatories

#### 1. Number 4

Interrogatory number 4 reads:

> Based on the data obtained from the Subject Vehicle, or any other data from/regarding the Subject Vehicle that is available to you, please identify, list, and describe with specificity everything that happened with/to the Subject Vehicle on the date of the incident, from the first discernable thing that morning until five minutes after the collision. For each responsive instance, please provide the time that it happened, describe with specificity what happened, and cite the source(s) from which you obtained that information.

Doc. No. [55-2], 15. Defendant objected to the request because it seeks Ford's interpretation of the BERLA data, which is in Plaintiff's possession, and it seeks expert opinions. Id. at 15–16. Plaintiff argues that Defendant should be required to respond to the Interrogatory because this is Ford's data, Ford does not need an expert to interpret its own data, and Ford cannot credibly claim that it does not understand its own data is not credible. Doc. No. [56], 4–5. Defendant responded,

6

arguing that it did not design or develop the BERLA data and that it would need an expert to answer Plaintiff's Interrogatory. Doc. No. [55], 3–4.

The Court **GRANTS** Plaintiff's request as it relates to Interrogatory number 4. The Court finds that Plaintiff's request is reasonably calculated to lead to the discovery of admissible evidence because it concerns the BERLA data for the Subject Vehicle and only applies to the morning of the Incident and concludes five minutes after the collision. Doc. No. [55-2], 15. The Court acknowledges Defendant's argument that it did not create the BERLA data "and has no more specific information regarding this data than does Plaintiff." Doc. No. [55], 4. The Court agrees with Defendant that engaging an expert witness to answer this Interrogatory is not required. However, to the extent that Defendant, through its employees, can interpret the BERLA data, it is required to do so in response to this Interrogatory.

Defendant is required to supplement their response to this Interrogatory, in accordance with this Order, no later than **JULY 26, 2023**.

### 2. *Number 5*

Interrogatory number 5 reads: "Please list the year, make, and model of all Ford vehicles that have and [sic] (1)  electronic parking brake, and separately (2) an automatic electronic parking brake." Doc. No. [55-2], 17.

Defendant responded by providing a chart showing the types of parking brakes in Ford vehicles from 2011 to 2023 and later supplemented to include vehicles before 2011. Id. at 17–18. Defendant also objected to Plaintiff's definition of "Electric Parking Brake," "Electronic Parking Brake," and "EPB." And stated that the subject truck was not equipped with an Auto-Apply Feature." Id. at 18. Plaintiff argues that it is entitled to this information because it would constitute the best evidence that Ford could include automatically engaging parking brakes to their vehicles. Doc. No. [56], 5–6. Defendant responded that it has "provided Plaintiff with a chart of all Ford vehicles equipped with EPB at any point in time." Doc. No. [55], 5. Defendant also argues that it does not use the term automatic parking brake; it has "never equipped any vehicle with an EPB that automatically applies on its own upon driver egress," and any answer would have been made in anticipation of litigation. Id.

The Court **GRANTS** Plaintiff's request as it relates to Interrogatory number 5. The Court finds that Plaintiff's request is reasonably calculated to lead to the discovery of admissible evidence because of Ford's ability to equip the Subject Vehicle with the automatic parking brake, which Plaintiff must prove as part of its case. The Court overrules Defendant's objection on the grounds that it would have to create this information solely for purposes of litigation. The work product doctrine only protects documents that are (1) produced by an attorney or her agent and are (2) created in anticipation of litigation. United States ex rel. Bibby v. Wells Fargo Bank, N.A., 165 F. Supp. 3d 1319, 1323 (N.D. Ga. 2015).

Defendant is required to supplement their response and include any vehicle information for Ford vehicles that have automatic electronic parking brake features for vehicles between 2011 and 2023. Defendant is not required to provide documents that fall within the attorney work-product doctrine.

Defendant's supplemental response is due no later than **JULY 26, 2023**.

### 3. Number 6

Interrogatory number 6 reads:

> Please describe with specificity all of the following changes that would need to be made to the 2018 Ford F-150 (and separately, to the extent it is different to the 2018

>Ford F-150 Supercrew King Ranch edition) in order to equip it with an Automatic Electronic Parking Brake:
>a.  Mechanical changes (e.g., additional hardware, parts, etc.)
>b.  Electronic changes (e.g., additional coding, software, etc.)

Doc. No. [55-2], 19. Defendant answered the Interrogatory by providing a list of five non-exhaustive changes that would need to be made. Id. at 20. Defendant also objected on the grounds that the request is unduly burdensome because implementing an automatic parking brake feature requires making a number of changes and takes several engineers and a significant amount of time to make those determinations. Id. at 19–20. Plaintiff argues that it needs this information to show that an alternative design existed, and this information is solely within the control of Defendant. Doc. No. [56], 6. Defendant's response largely mirrors its objections. Doc. No. [55], 5–6.

The Court **DENIES** Plaintiff's request as it relates to Interrogatory number 6. Defendant and its employee have sworn to the Court that "[i]t takes an entire team of engineers from various disciplines years to develop a feature, including conducting extensive testing and analysis, identifying and testing potential failure modes pursuant to Ford's Design Failure Mode and Effects [ ] process, completing a hazard analysis (which generally takes months) . . . ." Doc. No. [55],

6. The Court agrees that the information required from this Interrogatory exceeds the scope allowable in discovery. Additionally, the Court notes that Defendant has provided Plaintiff with a list of some required design changes. Accordingly, Plaintiff's request is denied, and Defendant is not required to supplement their response to Interrogatory number 6.

### 4.   Number 7

Interrogatory number 7 reads:

> Please identify all persons who were responsible for deciding not to include an Automatic Electronic Parking Brake on (1) the 2018 Ford F-150 (and separately, to the extent it is different, to the 2018 Ford F-150 Supercrew King Ranch edition), and to include it or not include it on (2) any vehicle with a 10R80 transmission.

Doc. No. [55-2], 21. Defendant provided Plaintiff with engineering drawings for the parking brake system, product change notices, and program direction letters/program assumptions applicable to the parking brake system. Doc. No. [55-2], 23–24. Defendant also provided a list of six individuals that were identified in the drawings for the parking brake systems. Id. at 24. Plaintiff is seeking additional information about "who was involved in the process." Doc. No. [56], 7.

11

The Court **DENIES** Plaintiff's request as it relates to Interrogatory number 7. Plaintiff requested that Defendant identify all individuals who were *responsible* for the decision not to include an Automatic Electronic Brake. Doc. No. [55-2], 21. Defendant provided the names of the engineers who designed the parking brake system for the Ford F-150. Plaintiff now seemingly requests the names of all employees who were involved in the decision-making process. Because Plaintiff's request was narrowly tailored to those who were responsible for making the decision, the Court finds that Defendant has fully responded to this Interrogatory.

Accordingly, Plaintiff's request is denied as it relates to Interrogatory number 7, and Defendant is not required to supplement its response to this Interrogatory.

### C. Depositions

Plaintiff requests that the Court compel Defendant to make Matthew Fyie available for deposition. Doc. No. [56], 7–8. The Court **GRANTS** Plaintiff's request. Defendant is Ordered to make Matthew Fyie available for a deposition on or before **August 3, 2023**.

Plaintiff also requests that Defendant identify the names of the employees or engineers who signed off on the automatic electronic parking brake features in the 2018 Ford F-150 and the software update that Ford designed for the 2020-2022 Ford Explorer, which has "an automatic application of the parking brake." Doc. No. [56], 8–9. The Court **GRANTS** this request. Defendant must provide the requested information to Plaintiff no later than **5:00 PM on Tuesday, July 25, 2023**. Defendant is required to file a certificate of service with the Court. Additionally, to the extent that these employees are still within Defendant's employ or control, Defendant is required to make them available for depositions on or before **August 3, 2023**.

### D.     Extension of the Discovery Period

Given the rapidly approaching termination of the discovery period, the Court will extend discovery for a period of **THREE (3) DAYS** to facilitate the completion of fact witness depositions and the exchange of the above-referenced information. Accordingly, the discovery period will conclude on **AUGUST 4, 2023.**

**III.   CONCLUSION**

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's request to compel discovery. Doc. No. [56].

The Discovery period is extended to **AUGUST 4, 2023**. Defendant is **ORDERED** to **ELECTRONICALLY** provide the names of its employees and engineers that signed off on the 2018 Ford F-150 and 2020–2022 Ford Explorer parking brake systems, on or before **5:00 PM on JULY 25, 2023.** Defendant must also file a certificate of service on the docket.

Defendant is **ORDERED** to supplement its responses to Plaintiff's Interrogatory Numbers 4 and 5. Defendant's supplemental responses shall be **ELECTRONICALLY SERVED to** Plaintiff on or before **JULY 26, 2023**. Defendant must also file a certificate of service on the docket.

Defendant is **ORDERED** to make Matthew Fyie and any of the employees or individuals within its control that signed off on the 2018 Ford F-150 and 2020–2022 Ford Explorer parking brake systems available for depositions on or before **AUGUST 3, 2023**.

IT IS SO ORDERED this 21st day of July, 2023.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE